IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CHERYL GRAY AND HAROLD GRAY, husband and wife | § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| WYETH; and WYETH PHARMACEUTICALS, INC.; BARR PHARMACEUTICALS, INC.; BRISTOL-MYERS SQUIBB; GREENSTONE LTD.; PHARMACIA & UPJOHN COMPANY; PFIZER, INC.; SOLVAY PHARMACEUTICALS, INC.; WARNER-CHILCOTT | § § § § § § § § § § | CASE NO. C-04-116 |
| Defendants. | § § | **DEMAND FOR JURY TRIAL** |

**DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S ORIGINAL ANSWER TO PLAINTIFFS' COMPLAINT FOR PERSONAL INJURIES AND DAMAGES AND DEMAND FOR JURY TRIAL**

Bristol-Myers Squibb Company ("BMS") files this Original Answer to Plaintiffs' Complaint for Personal Injuries ("Complaint") and Demand for Jury Trial, and responds to the allegations as follows:

## I.

### ANSWER TO PLAINTIFFS' COMPLAINT

#### NATURE OF THE CASE

1.    In answer to paragraph 1, BMS states that to the extent Plaintiffs attempt to summarize the claims raised in this action, the allegations are improper and require no response. To the extent a response is required, BMS denies that BMS and/or any of the estrogen-containing products for which BMS has been sued have in any way caused or contributed to Plaintiffs'

alleged injuries, if any, and that Plaintiffs are entitled to any of the damages or relief sought against BMS. BMS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1, and therefore denies them.

## JURISDICTION AND VENUE

2.     The allegations contained in paragraph 2 state legal conclusions to which no response is required. To the extent a response is required, BMS lacks knowledge or information sufficient to form a belief as to the truth of the jurisdiction allegations contained in paragraph 2.

3.     The allegations contained in paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, BMS admits that it transacts business in this district, but BMS lacks knowledge or information sufficient to form a belief as to the truth of the remaining venue allegations contained in paragraph 3, and therefore denies them.

## THE PARTIES

### Plaintiffs

4.     BMS does not have sufficient information to either admit or deny the citizen and residence allegations contained in paragraph 4, and therefore denies them.

### Defendants

5.     The allegations in paragraph 5 are directed to another defendant and therefore require no response from BMS. To the extent that a response is required, BMS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies them.

6.     The allegations in paragraph 6 are directed to another defendant and therefore require no response from BMS. To the extent that a response is required, BMS lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies them.

7.    The allegations in paragraph 7 are directed to another defendant and therefore require no response from BMS. To the extent that a response is required, BMS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies them.

8.    The allegations in paragraph 8 are directed to another defendant and therefore require no response from BMS. To the extent that a response is required, BMS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies them.

9.    The allegations in paragraph 9 are directed to another defendant and therefore require no response from BMS. To the extent that a response is required, BMS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies them.

10.    In response to paragraph 10, BMS admits that it designed, manufactured, produced, labeled, marketed, sold, promoted, and distributed estrogen-containing products at certain times and in certain dosages and that it is a Delaware corporation with its principal place of business in New York, New York. Any remaining allegations or implications in paragraph 10 are denied.

11.    The allegations in paragraph 11 are directed to another defendant and therefore require no response from BMS. To the extent that a response is required, BMS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies them.

12.    The allegations in paragraph 12 are directed to another defendant and therefore require no response from BMS. To the extent that a response is required, BMS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies them.

13.    The allegations in paragraph 13 are directed to another defendant and therefore require no response from BMS. To the extent that a response is required, BMS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies them.

### FACTUAL ALLEGATIONS

#### Plaintiffs' Injuries

14.    BMS lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore denies them.

15.    In answer to paragraph 15, BMS denies that BMS and/or any of the estrogen-containing products for which BMS has been sued have in any way caused or contributed to Plaintiffs' alleged injuries, if any. BMS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15, and therefore denies them.

16.    In answer to the first sentence in paragraph 16, BMS lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. In answer to the second sentence in paragraph 16, BMS states that to the extent Plaintiffs attempt to summarize the claims raised in this action, the allegations are improper and require no response. To the extent a response is required, BMS denies that BMS and/or any of the

estrogen-containing products for which BMS has been sued have in any way caused or contributed to Plaintiffs' alleged injuries, if any.

### Defendant's Misconduct

17.    In response to paragraph 17, BMS admits that it designed, manufactured, produced, labeled, marketed, sold, promoted, and distributed estrogen-containing products at certain times and in certain dosages. BMS lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' ingestion of hormone drugs, and therefore denies them. BMS denies all remaining allegations or implications contained in paragraph 17 insofar as they are directed at BMS and/or any estrogen-containing products for which BMS has been sued. To the extent the allegations of paragraph 17 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

18.    The allegations contained in paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, BMS denies the allegations and implications contained in paragraph 18 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued. To the extent the allegations of paragraph 18 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

19.    BMS denies the allegations contained in paragraph 19 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued. To the extent the allegations of paragraph 19 concern another defendant and/or defendant's product, BMS

lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

20.    BMS denies the allegations contained in paragraph 20 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 20 concern another defendant and/or defendant's product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

21.    BMS denies the allegations contained in paragraph 21 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 21 concern another defendant and/or defendant's product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

22.    BMS denies the allegations contained in paragraph 22 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 22 concern another defendant and/or defendant's product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

23.    BMS denies the allegations contained in paragraph 23 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 23 concern another defendant and/or defendant's product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

24.    BMS denies the allegations contained in paragraph 24 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 24 concern another defendant and/or defendant's product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

## FRAUDULENT CONCEALMENT

25.    BMS denies the allegations contained in paragraph 25 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 25 concern another defendant and/or defendant's product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

26.    The allegations contained in paragraph 26 state legal conclusions to which no response is required.  To the extent a response is required, BMS denies the allegations and implications contained in paragraph 26 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 26 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

## CLAIMS FOR RELIEF

### First Claim Against All Defendants

### (Negligence)

27.    Answering paragraph 27, BMS incorporates its responses to all preceding paragraphs as if set forth herein.

28.    In answer to paragraph 28, BMS admits that it manufactured, marketed, distributed and sold estrogen-containing products at certain times and in certain dosages. BMS denies the remaining allegations and implications contained in paragraph 28 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued. To the extent the allegations of paragraph 28 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

29.    The allegations contained in paragraph 29 state legal conclusions to which no response is required. To the extent a response is required, BMS denies the allegations and implications contained in paragraph 29 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued. To the extent the allegations of paragraph 29 concern another defendant and/or defendant's product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

30.    BMS denies the allegations contained in paragraph 30 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued. To the extent the allegations of paragraph 30 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

31.    BMS denies the allegations contained in paragraph 31, including subparts (a) – (o), insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued. To the extent the allegations of paragraph 31, including subparts (a) – (o), concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

32.    BMS denies the allegations contained in paragraph 32 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 32 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

33.    BMS denies the allegations contained in paragraph 33 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 33 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

34.    BMS denies the allegations contained in paragraph 34 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  BMS specifically denies that BMS and/or the estrogen-containing products for which BMS has been sued have in any way caused or contributed to Plaintiffs' alleged injuries, if any, and that Plaintiffs are entitled to any of the damages or relief sought against BMS.  To the extent the allegations of paragraph 34 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

**Second Claim Against All Defendants**

**(Strict Liability:  Failure to Warn)**

35.    Answering paragraph 35, BMS incorporates its responses to all preceding paragraphs as if set forth herein.

36.    In answer to the first and second sentences in paragraph 36, BMS admits that it manufactured and supplied estrogen-containing products at certain times and in certain dosages, but denies all remaining allegations or implications contained in the first and second sentences of paragraph 36 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  In answer to the third and fourth sentences in paragraph 36, BMS admits that the estrogen-containing products for which BMS has been sued were expected to reach consumers without substantial change in the condition, but BMS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the third and fourth sentences in paragraph 36 and therefore denies them. To the extent the allegations of paragraph 36 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

37.    BMS denies the allegations contained in paragraph 37 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 37 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

38.    BMS denies the allegations contained in paragraph 38 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 38 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

39.     BMS denies the allegations contained in paragraph 39 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 39 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

40.     BMS denies the allegations contained in paragraph 40 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 40 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

41.     BMS denies the allegations contained in paragraph 41 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  BMS specifically denies that BMS and/or the estrogen-containing products for which BMS has been sued have in any way caused or contributed to Plaintiffs' alleged injuries, if any, and that Plaintiffs are entitled to any of the damages or relief sought against BMS.  To the extent the allegations of paragraph 41 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

### Third Claim Against All Defendants

### (Strict Liability:  Design Defect)

42.     Answering paragraph 42, BMS incorporates its responses to all preceding paragraphs as if set forth herein.

43.     In answer to the first and second sentences in paragraph 43, BMS admits that it manufactured and supplied estrogen-containing products at certain times and in certain dosages, but denies all remaining allegations or implications contained in the first and second sentences of paragraph 43 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  In answer to the third and fourth sentences in paragraph 43, BMS admits that its estrogen-containing products were expected to reach consumers without substantial change in condition, but BMS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the third and fourth sentences in paragraph 43 and therefore denies them. To the extent the allegations of paragraph 43 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

44.     BMS denies the allegations contained in paragraph 44 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 44 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

45.     BMS denies the allegations contained in paragraph 45 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 45 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

46.     BMS denies the allegations contained in paragraph 46 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent

the allegations of paragraph 46 concern another defendant's conduct and/or product, BMS lacks

knowledge or sufficient information to form a belief as to the truth of the allegations and

therefore denies them.

47.    BMS denies the allegations contained in paragraph 47 insofar as they are directed

at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent

the allegations of paragraph 47 concern another defendant's conduct and/or product, BMS lacks

knowledge or sufficient information to form a belief as to the truth of the allegations and

therefore denies them.

48.    BMS denies the allegations contained in paragraph 48 insofar as they are directed

at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent

the allegations of paragraph 48 concern another defendant's conduct and/or product, BMS lacks

knowledge or sufficient information to form a belief as to the truth of the allegations and

therefore denies them.

49.    BMS denies the allegations contained in paragraph 49 insofar as they are directed

at BMS and/or the estrogen-containing products for which BMS has been sued.  BMS

specifically denies that BMS and/or the estrogen-containing products for which BMS has been

sued have in any way caused or contributed to Plaintiffs' alleged injuries, if any, and that

Plaintiffs are entitled to any of the damages or relief sought against BMS.  To the extent the

allegations of paragraph 49 concern another defendant's conduct and/or product, BMS lacks

knowledge or sufficient information to form a belief as to the truth of the allegations and

therefore denies them.

**Fourth Claim Against All Defendants**

**(Breach of Implied Warranty)**

50.    Answering paragraph 50, BMS incorporates its responses to all preceding paragraphs as if set forth herein.

51.    In answer to paragraph 51, BMS states that the estrogen-containing products for which BMS has been sued were of merchantable quality and reasonably safe and fit for ingestion when used in accordance with their labeling, but denies all remaining allegations or implications contained in paragraph 51 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 51 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

52.    BMS denies the allegations contained in paragraph 52 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  To the extent the allegations of paragraph 52 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

53.    BMS denies the allegations contained in paragraph 53 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  BMS specifically denies that BMS and/or the estrogen-containing products for which BMS has been sued have in any way caused or contributed to Plaintiffs' alleged injuries, if any, and that Plaintiffs are entitled to any of the damages or relief sought against BMS.  To the extent the allegations of paragraph 53 concern another defendant's conduct and/or product, BMS lacks

knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

### Fifth Claim Against All Defendants

### (Loss of Consortium)

54.     Answering paragraph 54, BMS incorporates its responses to all preceding paragraphs as if set forth herein.

55.     BMS denies the allegations contained in paragraph 54 insofar as they are directed at BMS and/or the estrogen-containing products for which BMS has been sued.  BMS specifically denies that BMS and/or the estrogen-containing products for which BMS has been sued have in any way caused or contributed to Plaintiffs' alleged injuries, if any, and that Plaintiffs are entitled to any of the damages or relief sought against BMS.  To the extent the allegations of paragraph 55 concern another defendant's conduct and/or product, BMS lacks knowledge or sufficient information to form a belief as to the truth of the allegations and therefore denies them.

### PRAYER FOR RELIEF

56.     BMS denies that Plaintiffs are entitled to any of the relief specified in the Prayer for  Relief or anywhere else in Plaintiffs' Complaint.

### JURY DEMAND

57.     Plaintiffs' request for a jury trial is not a factual allegation and therefore requires no response from BMS.

58.     All allegations not specifically admitted herein are specifically denied by BMS.

### BMS' DEFENSES

Further answering, Defendant BMS asserts the following defenses:

1.      Plaintiffs have failed to state a claim upon which relief can be granted.

2.      Plaintiffs' injuries, if any, were proximately caused by allergies, sensitivities, or idiosyncrasies peculiar to Plaintiff and not found in the general public, and unknown or unknowable to Defendant. Plaintiffs' alleged injuries were not reasonably foreseeable to Defendant, therefore, the occurrences in question, if any, was unavoidable incidents insofar as that term is understood at law, as far as Defendant is concerned.

3.      The product in question was neither dangerous nor defective, and was of merchantable quality and was fit and safe for its intended use.

4.      Plaintiffs' injuries and damages, if any, were caused entirely or in part by acts, omissions, and/or negligence of a third party or parties for whose acts Defendant is in no way liable or responsible and over whom Defendant has no control.

5.      Defendant hereby asserts all rights arising pursuant to the proportionate responsibility and contribution statutes including offset due to Plaintiffs' responsibility, contribution and/or indemnity from other parties found responsible, and credit for any settlements made in this action.

6.      The methods, standards, and techniques utilized by this Defendant in designing, formulating, manufacturing and marketing the product in question and in issuing warnings and instructions with respect to its use were proper and in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product were manufactured.

7.      Plaintiffs' claims are barred or reduced, in whole or in part, to the extent that at all times relevant to Plaintiffs' allegations, Defendant was in compliance with all statutes,

regulations and other laws in effect at the time of the conduct allegedly giving rise to Plaintiffs' claims.

8.      Plaintiffs' causes of action may be barred by the applicable statutes of limitation and/or repose.

9.      Defendant denies that it made any express or implied warranties to Plaintiff. Alternatively, any such warranties were adequately disclaimed. Further answering, Plaintiff failed to give written notice to Defendant in a timely or appropriate manner setting forth the alleged breach(es) of warranty.

10.     Further answering, Defendant says that if Plaintiffs were injured or damaged by a product manufactured or distributed by Defendant, which Defendant denies, Defendant nonetheless did not breach any duty to Plaintiffs and is not liable for Plaintiffs' claimed damages because the product, when manufactured and distributed, conformed to the then-current state of the art and the then-current state of medical, scientific and industrial knowledge, art and practice was such that Defendant did not, and could not, know that the product might pose a risk of harm in normal and foreseeable use.

11.     All activities and conduct of this Defendant conformed to all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time.

12.     Plaintiffs' alleged injuries and/or medical expenses resulted from pre-existing or unrelated medical, genetic or environmental conditions, diseases or illnesses.

13.     Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Federal Preemption.

14.    The product at issue was only available through licensed physicians who were provided complete and adequate warnings and instructions consistent with the state of medical and scientific knowledge at the time.

15.    The public interest, benefit and availability of the product that is the subject matter of this action outweighs the risks, if any, which were unavoidable given the state of human knowledge and therefore preclude liability.

16.    Plaintiffs' claims are barred because the use of these products was generally recognized as safe and effective pursuant to conditions established by the Food and Drug Administration and applicable regulations, including packaging and labeling regulations.

17.    Defendant has no duty to warn of possible dangers in using the product, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

18.    The advertisements and labeling with respect to the subject product was not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Texas Constitutions.

19.    The conduct of this Defendant and all activities with respect to the subject product was fair and truthful based upon the state of knowledge existing at the relevant time alleged.

20.    Plaintiffs' claims are subject to the limitations set forth in the Restatement Second of Torts, Section 402A, comment k.

21.    Plaintiffs' claims are subject to the limitations in the Restatement Third of Torts.

22.    Plaintiffs' claims are precluded by actions and determinations of federal and state regulatory agencies, including without limitation, the Federal Food and Drug Administration.

23.    Plaintiffs' claims are barred or reduced, in whole or in part, by the doctrines of laches, equitable estoppel, and/or quasi estoppel, bad faith and unclean hands.

24.    Plaintiffs' claims are barred or reduced under the principles of assumption of the risk and/or informed consent. Plaintiffs were fully informed and advised by their physicians and/or health care providers of the nature of any adverse risks and consequences associated with any use of the product of this answering defendant before using it and thereby assumed the risk of the occurrence of any such alleged adverse risks and consequences and plaintiffs are barred from recovery for same.

25.    Plaintiffs' claims are barred by the principles of the learned intermediary doctrine.

26.    Defendant denies any misrepresentation, fraud, reliance by Plaintiffs and/or detriment allegedly resulting therefrom.

27.    The Complaint fails to state a claim for punitive and/or exemplary damages against this answering defendant upon which any relief can be granted.

28.    In the event exemplary damages are awarded, such damages may not exceed the amount specified in Texas Civil Practice and Remedies Code §§ 41.007 and 41.008.

29.    Plaintiffs' economic damages are limited by § 41.015 of the Texas Civil Practice and Remedies Code.

30.    Further answering, subject to further investigation and discovery, BMS reserves the right to plead, allege and state any other defense which may be appropriate.

## JURY DEMAND

Defendant Bristol-Myers Squibb Company requests a trial by jury of all issues in this case.

WHEREFORE, PREMISES CONSIDERED, BMS respectfully prays that Plaintiffs take nothing, and that it be allowed to go hence without delay and recover its costs and for such other and further relief to which it may be entitled, at law, or in equity, and for which it will ever pray.

Respectfully submitted,

_____

ALAN R. VICKERY
"ATTORNEY IN CHARGE"
State Bar No. 20571650
Southern District Bar No. 11980
G. DAWN SHAWGER
State Bar No. 24002934
Southern District Bar No. 30884
KATHERINE W. BINNS
State Bar No. 24028223
Southern District Bar No. 28228

**SEDGWICK, DETERT, MORAN & ARNOLD LLP**
1717 Main Street, Suite 5400
Dallas, Texas 75202
Telephone: (469) 227-8200
Fax: (469) 227-8004

**Attorneys for Defendant**
**Bristol-Myers Squibb Company**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Bristol Myers Squibb Company's Original Answer was forwarded to all counsel of record as follows via United States mail on this the _17_ day of September 2004.

James A. Morris, Jr.
Steve Faries
PROVOST UMPHREY LAW FIRM LLP
P.O. Box 4905
Beaumont, Texas 77704

Michael Williams
Brian S. Campf
WILLIAMS, DAILEY, O'LEARY, CRANE & LOVE, P.C.
1001 S.W. Fifth Ave, Suite 1900
Portland, Oregon 97204

_____
ALAN R. VICKERY

**DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S ORIGINAL ANSWER TO PLAINTIFFS' COMPLAINT FOR PERSONAL INJURIES AND DAMAGES AND DEMAND FOR JURY TRIAL- Page 21**
DL/2057249v1